IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MATTHEW WILLIAMS                                              PLAINTIFF

v.                                                  No. 1:20CV262-GHD-DAS

LEE COUNTY                                              DEFENDANT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Matthew Williams, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that he tested positive for COVID-19 while incarcerated in the Lee County Jail. He argues that the defendant violated his rights by failing to take proper precautions in the jail to contain and treat the COVID-19 virus. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The COVID-19 virus made its way into the Lee County Adult Detention Center while plaintiff Matthew Williams was incarcerated there. Jail medical staff dealt with the virus by separating those who tested positive for the virus from those who tested negative by placing them in opposite ends of the pod and requiring inmates to wear facemasks to prevent the virus from spreading. Mr. Williams alleges that he tested positive for the virus, was given no medication after he tested positive, and was never retested.

## Denial of Medical Treatment

The court construes the plaintiff's allegations as a claim for denial of adequate medical treatment. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Deliberate indifference is not established when medical records

indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

Mr. Williams' allegations do not meet the deliberate indifference standard, as he merely disagrees with the defendants' actions regarding the COVID-19 virus. First, medical staff took steps to separate the inmates who had contracted the virus from those who had not. Second, after separating the inmates, medical staff provided them with facemasks to prevent spreading the virus. Third, Mr. Williams has alleged no harm from contracting the virus; nor has he stated what additional steps jail staff might have taken to prevent him from becoming infected. In this case, jail medical staff took steps to stop the spread of the virus within the jail, and Mr. Williams has alleged no harm from the defendant's actions. As such, these allegations must be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, this case must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 25th day of June, 2021.

SENIOR UNITED STATES DISTRICT JUDGE